cation would be more problematic." *Schanne v. Addis*, 898 F.Supp.2d 751, 756 n. 4 (E.D.Pa.2012).

Here, Appellee's statements were "allegations that the school district seriously considered, investigated, and initiated a proceeding over...." *Id.* After O'Bannon relayed Appellee's allegations to the appropriate authorities, Appellee fully cooperated with the ensuing investigation.

Appellant was not bereft of remedy, as he could, and did, file a grievance against the school district for wrongful discharge. The onus should be on school officials to conduct a thorough and responsible investigation before undergoing quasi/judicial proceedings.

I thereby respectfully dissent.

121 A.3d 954

### ALABAMA INSURANCE GUARANTY ASSOCIATION, Objector,

v.

### RELIANCE INSURANCE COMPANY IN LIQUIDATION
(Ancillary Matter to in re: Reliance Insurance Company in Liquidation, No. 1 Rel 2001).

Appeal of Alabama Insurance Guaranty Association, Objector.

Supreme Court of Pennsylvania.

Aug. 17, 2015.

## *ORDER*

PER CURIAM.

**AND NOW,** this 17th day of August, 2015, the Order of the Commonwealth Court is **AFFIRMED.**